UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VICENTE RODRIGUEZ, JOVITA RODRIGUEZ, and GUADALUPE FRANCO, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ACL FARMS, INC., KEVIN B. GAY, and WASHINGTON FARM LABOR SOURCE, LLC,<br><br>Defendants. | NO. **CV-10-3010-LRS**<br><br>**ORDER GRANTING MOTION FOR CLASS CERTIFICATION** |

**BEFORE THE COURT** is the Plaintiffs' Motion For Class Certification (Ct. Rec. 38). This motion was heard with oral argument on November 9, 2010. Andrea Schmitt, Esq., argued for Plaintiffs. Brendan V. Monahan, Esq., argued for Defendants ACL Farms, Inc. and Kevin B. Gay. Christopher J. Mertens, Esq., argued for Defendant Washington Farm Labor Source, LLC (WA-FLS).

**I. BACKGROUND**

Plaintiffs allege that in 2008, Defendants unlawfully obtained approval for H-2A "guest workers" and denied agricultural employment to Plaintiffs and the class of workers they seek to represent. Plaintiff allege Defendant ACL Farms violated the Migrant and Seasonal Agricultural Worker Protection Act (AWPA), 29 U.S.C. §§ 1801-1872, by providing false or misleading information concerning the terms and conditions of employment and by failing to comply with the

**ORDER GRANTING MOTION
FOR CLASS CERTIFICATION -   1**

working arrangement. Plaintiffs allege Defendant WA-FLS violated Washington's Farm Labor Contractors Act (FLCA), RCW Chapter 19.30, by making or causing to be made false, fraudulent or misleading information concerning the terms, conditions or existence of employment at ACL Farms.

## II. DISCUSSION

Plaintiffs seek an order certifying this matter as a class action designating a class composed of all non-H2A farm workers who worked for ACL Farms at any time from April 7, 2008 through August 20, 2008. Plaintiffs ask that the class be certified pursuant to Fed. R. Civ. P. 23(b)(3) on the basis of a finding "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." In addition to making that finding in order to certify a class, the court must also determine that certain prerequisites listed in Rule 23(a) have been met: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

The "numerosity" prerequisite of Rule 23(a) is met. Plaintiffs have identified in excess of 130 putative class members employed by ACL Farms during the relevant time period. Contrary to the contention of WA-FLS, the class does not need to be limited to 70 members just because that was the number of H2-A workers ACL Farms was authorized to hire. Even ACL Farms does not make that argument. As Plaintiffs note, ACL Farms could have failed to inform more than 70 workers of the Clearance Order and more than 70 workers could have been harmed if WA-FLS overstated the number of H2-A workers needed.

**ORDER GRANTING MOTION
FOR CLASS CERTIFICATION -   2**

Plaintiffs recognize that the actual economic harm to the class is limited by the total possible work available under the Clearance Order.

The "commonality" requirement is met. There are common questions of law and/or fact as to liability which include the following: 1) whether ACL Farms failed to offer and provide employment as promised in the Clearance Order to class members while continuing to employ H-2A "guest workers"[1] ; 2) whether ACL Farms had a practice of not informing class members of the opportunities available under the Clearance Order, and if so, whether the advice of WA-FLS caused ACL to adopt this practice; 3) whether WA-FLS overstated to U.S. Department of Labor ACL Farms' need for H2-A "guest workers;" and 4) whether WA-FLS failed to comply with the terms of its agreement with ACL Farms. These questions of law and/or fact are not only "common," but "predominate" over questions affecting individual members in the putative class.

Defendant ACL Farms concedes class litigation is appropriate with regard to liability and statutory damages, but argues it is inappropriate with regard to actual damages because "[a]ssessing and computing actual damages will require an employee-by-employee analysis of such individual issues as actual earnings, mitigation efforts, earning power, disciplinary issues (with later employers)." The fact that damages vary from class member to class member does not itself defeat certification. "The predominance requirement calls only for predominance, not

---

[1] ACL Farms admits it did not inform all of its employees of the terms and conditions of the 2008 Clearance Order; that this constitutes a violation of AWPA; and that "there is a proper class of similarly situated persons who should have received such notice." ACL Farms acknowledges it was required to tell all putative class members about the job opportunities available under the Clearance Order and it does not matter whether those class members were already employed by ACL Farms at the time of the H2-A application.

**ORDER GRANTING MOTION**
**FOR CLASS CERTIFICATION -   3**

exclusivity, of common questions." *In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 140 (2nd Cir. 2001). Damage calculations alone cannot defeat certification. "The amount of damages is invariably an individual question and does not defeat class action treatment." *Yokoyama v. Midland Nat. Life Ins. Co.*, 594 F.3d 1087, 1094 (9th Cir. 2010), quoting *Blackie v. Barrack*, 524 F.2d 891, 905 (9th Cir. 1975). See also *Haywood v. Barnes*, 109 F.R.D. 568, 583 (E.D.N.C. 1986)("The fact that the potential amount of damages might vary . . . does not preclude class certification where common questions of law and fact as to liability clearly predominate"). By separate order issued contemporaneously herewith, the court is bifurcating this case into an initial liability and statutory damages phase and a secondary actual damages phase. At the conclusion of the initial phase, the court will consider creation of a subclass consisting of those class members who elect to pursue actual damages in a secondary phase. See Fed. R. Civ. P. 23(c)(5).

      Defendant WA-FLS objects to class certification, asserting that individual factual and legal issues predominate in this case. The court concurs with Plaintiffs that the majority of the individualized issues raised by WA-FLS relate to potential affirmative defenses and damages calculations. As discussed above, individualized questions about damages do not defeat class certification. Furthermore, the fact affirmative defenses may be available against certain prospective class members does not defeat class certification. *Smilow v. Southwestern Bell Mobile Systems, Inc.*, 323 F.3d 32, 39 (1st Cir. 2003).

      The "typicality" and "adequacy" prerequisites of Rule 23(a) are satisfied. The "typicality" requirement of Rule 23(a) is that the claims or defenses of the class representatives must be typical of the claims or defenses of the class. In practice, the "commonality" and "typicality" requirements of Rule 23(a) tend to merge as both serve as a guideposts for determining whether maintenance of a class action is economical and whether the named plaintiffs' claims and the class

**ORDER GRANTING MOTION
FOR CLASS CERTIFICATION -   4**

claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence. *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 157, 102 S.Ct. 2364 n. 13 (1982). The claims of the purported class representatives need not be identical to the claims of other class members, but the class representative "must be part of the class and possess the same interest and suffer the same injury as the class members." *Id*. at 156. A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and is based on the same legal theory as their claims. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). Here, the named Plaintiffs have claims which are identical to the claims of other class members.

The test for "adequacy" is whether: 1) the attorney representing the class is qualified and competent; 2) the class representatives are not disqualified by interests antagonistic to the remainder of the class; and 3) the named plaintiffs must prosecute the action vigorously on behalf of the class. *In re Mego Fin'l Corp. Secur. Litig.*, 213 F.3d 454, 462 (9th Cir. 2000). Defendants do not dispute that Columbia Legal Services is qualified and competent to represent the class. For the reasons already discussed, the named Plaintiffs do not have interests which are antagonistic to the remainder of the class.

Plaintiffs have demonstrated that all of the prerequisites of Rule 23(a)- numerosity, commonality, typicality, and adequacy of representation- are met. Furthermore, Plaintiffs have established, pursuant to Rule 23(b)(3), that questions of law and/or fact common to the class "predominate" over questions affecting the individual members and, on balance, a class action is "superior" to other methods available for adjudicating the controversy. A class action is a "superior" method for resolving individual claims here. None of the individual claims are of significant value and, when viewed objectively, the absence of a class action

**ORDER GRANTING MOTION**
**FOR CLASS CERTIFICATION -  5**

would likely deter individual actions.  The purposes of a class action are to avoid a multiplicity of actions and to enable persons to assert small claims that would not be litigated individually because the costs would far outweigh any recovery. *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 349, 103 S.Ct. 2392 (1983).

### III.  CONCLUSION

Plaintiffs' Motion For Class Certification (Ct. Rec. 38) is **GRANTED**. The Fed. R. Civ. P. 23(b)(3) class is composed of all non-H2A farm workers who worked for ACL Farms at any time from April 7, 2008 through August 20, 2008. Named Plaintiffs, Vicente Rodriguez, Jovita Rodriguez, and Guadalupe Franco, are designated as representatives for the class.  Columbia Legal Services is appointed as class counsel pursuant to Fed. R. Civ. P. 23(g).  The class claims, issues, or defenses are as identified above.

Within ten (10) days from the date of this order, class counsel will serve and file a proposed "Notice" to class members for the court's review and approval. This "Notice" will comply with the requirements of Fed. R. Civ. P. 23(c)(2)(B). Defendants will have ten (10) days from service of the proposed "Notice" to serve and file any objections to the same.  Class counsel will have five (5) days from service of any objections to serve and file any reply to the same.

**IT IS SO ORDERED.**  The District Court Executive is directed to forward copies of this order to counsel of record.

DATED this   12th   day of November, 2010.

*s/Lonny R. Suko*
LONNY R. SUKO
Chief United States District Court Judge

**ORDER GRANTING MOTION FOR CLASS CERTIFICATION -   6**