UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VICENTE RODRIGUEZ, JOVITA RODRIGUEZ, and GUADALUPE FRANCO, on behalf of themselves and others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>ACL FARMS, INC., KEVIN B. GAY, and WASHINGTON FARM LABOR SOURCE, LLC,<br><br>　　　　　Defendants. | NO. **CV-10-3010-LRS**<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

**BEFORE THE COURT** is the Motion For Reconsideration (Ct. Rec. 112) filed by Defendant Washington Farm Labor Source, LLC (WA-FLS).  This motion is heard without oral argument.

Defendant asks the court to reconsider its November 12, 2010 "Order Granting Motion For Class Certification" (Ct. Rec. 92) to: 1) change the beginning date defining the class from April 7, 2008 to April 15, 2008, the date on which the H-2A application was accepted by the United States Department of Labor (USDOL) for processing; and 2) exclude from the class all workers who were referred to Defendant ACL Farms, Inc., by the State Workforce Agent (SWA), here Worksource, at anytime between April 15, 2010 and August 20, 2008, since the SWA was required by law to provide all referred workers with the material

**ORDER DENYING MOTION FOR RECONSIDERATION -**　　　**1**

terms and conditions of the H2-A Clearance Order.

Fed. R. Civ. P. 23(c)(1)(C) provides that "[a]n order that grants or denies class certification may be altered or amended before final judgment." A Fed. R. Civ. P. 59(e) motion to alter or amend can only be granted when a district court: (1) is presented with newly discovered evidence; or (2) committed clear error or the initial decision was manifestly unjust; or (3) there has been an intervening change in controlling law. *Dixon v. Wallowa County*, 336 F.3d 1013, 1022 (9th Cir. 2003).

WA-FLS opposed class certification at the outset, contending individual and factual legal issues are predominant in this case. Indeed, the very arguments WA-FLS now makes in its motion for reconsideration were made in its opposition to class certification and considered by this court in determining whether class certification should be granted. In its September 8, 2010 response in opposition to class certification, WA-FLS argued that all members of the proposed class who were already working at ACL Farms as of April 7, 2008 were not entitled to receive a copy of the H-2A application or terms of the H2-A employment. (Ct. Rec. 51 at p. 6). In its motion for reconsideration, WA-FLS contends "[a]ll ACL Farms workers who were employed prior to USDOL's acceptance of the H2-A application on April 15, 2008 should be excluded from the class." (Ct. Rec. 120 at p. 5). In its September 8, 2010 response in opposition to class certification, WA-FLS contended "[w]orkers referred by the State Employment Office (Worksource) received notice of the terms and conditions of the H-2A application and therefore do not have a claim for not receiving notice and thus should not be members of the class." (Ct. Rec. 51 at p. 11). In its motion for reconsideration, WA-FLS contends all ACL Farms employees who were referred by Worksource should be excluded from the class. (Ct. Rec. 120 at pp. 5-7). In its order granting class certification,

**ORDER DENYING MOTION**
**FOR RECONSIDERATION -      2**

this court concluded these issues related to potential affirmative defenses and/or damages calculations and cited case law holding that damages calculations alone cannot defeat class certification, and the fact affirmative defenses may be available against certain prospective class members does not defeat class certification. (Ct. Rec. 92 at p. 4).

The court does not believe its ruling granting class certification constitutes clear error. Nor does the court believe the class, as presently defined, works a manifest injustice to Defendants. The court anticipates the issues raised by WA-FLS in its motion for reconsideration will be presented again to the court and resolved prior to trial, and if not then, certainly before entry of "final judgment." The discovery deadline is not until June 14, 2011, and the record will no doubt be further developed with regard to the claims of particular individuals who fall into the categories discussed above (employed by ACL Farms prior to April 15, 2008 and/or referred by Worksource). Based on the current undeveloped state of the record, the court deems it more appropriate for these issues to be resolved on their merits by way of dispositive motion, if possible, than by way of a class certification motion. The fact the court is denying the motion for reconsideration is no way reflects a belief by the court, one way or another, regarding the validity of the contentions asserted by WA-FLS.

The Motion For Reconsideration (Ct. Rec. 112) is **DENIED**. Along with the entry of this order, the court will be entering an "Order Re Class Notice."

//
//
//
//
//

**ORDER DENYING MOTION FOR RECONSIDERATION -** 3

**IT IS SO ORDERED.** The District Court Executive is directed to forward copies of this order to counsel of record.

**DATED** this   13th   day of January, 2011.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
Chief United States District Court Judge

**ORDER DENYING MOTION FOR RECONSIDERATION -**      **4**